IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| THOMAS ACEITUNO, Chapter 7 Trustee, and STEPHEN REYNOLDS, Chapter 7 Trustee,<br><br>                    Plaintiffs,<br><br>     v.<br><br>KBI NORCAL, INC., et al.,<br><br>                    Defendants. | 2:06-cv-2273-GEB-DAD<br><br>ORDER RE: Motion for Withdrawal of Reference |

   Defendants KBI Norcal, Tommy Belser, and David Moon (collectively referred to as "Defendants") move for withdrawal of the reference of the above-captioned proceeding from the Bankruptcy Court. Plaintiffs only oppose withdrawing reference of the Third, Fourth, and Seventeenth claims (collectively referred to as "severable claims").

DISCUSSION

   The Bankruptcy Court held the severable claims and two other claims are "core" proceedings and the twelve remaining claims are "non-core" within the meaning of 28 U.S.C. § 157.  (Jan. 18, 2007,

1 Not. of Entry of Oct. 24, 2006, Bankr. Ct. Order Determining the Core
2 Claims Stated in the First Am. Compl. at 2.)
3         Plaintiffs argue the severable claims should not be
4 withdrawn to the District Court because Defendants are not entitled to
5 a jury trial on these claims, they are factually separate, and are
6 "core" claims under 28 U.S.C. § 157(b)(2).  (Pls.' Opp'n at 8, 11.)
7 Defendants rejoin they are entitled to a jury trial on all claims and
8 that separate trials in the Bankruptcy Court and the District Court
9 would be an inefficient use of judicial resources.  (Def. KBI's Reply
10 at 5, 7.)
11         The "authority for *permissive* withdrawal is governed by the
12 first sentence of 28 U.S.C. § 157(d): 'The district court *may* withdraw
13 . . . any case or proceeding referred [to the bankruptcy court] on its
14 motion or on timely motion of a party, *for cause shown*.'"  <u>Sec. Farms
15 v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers</u>, 124
16 F.3d 999, 1008 (9th Cir. 1997) ("<u>Int'l Bhd.</u>") (emphasis in original).
17 "In determining whether cause exists, a district court should consider
18 the efficient use of judicial resources."  <u>Id.</u>
19         Plaintiffs argue that denying Defendants' motion for
20 withdrawal of the severable claims "allows for a more efficient use of
21 judicial resources, in that the [B]ankruptcy [C]ourt will handle the
22 bankruptcy-related aspects of the case."  (Pl.'s Part. Opp'n at 12.)
23 Plaintiffs contend that even though their bifurcation request will
24 result in "two trials [in different courts,] will . . . require more
25 work by the attorneys, and . . . increase the [litigation] expense,"
26 the severable claims should remain in the Bankruptcy Court.  (<u>Id.</u> at
27 13.)  Plaintiff concedes that "some witnesses will doubtless be
28

required to testify at both trials" but argues the scope of their testimony "should be limited to different time frames."  (Id.)

Plaintiffs' arguments against withdrawal are unpersuasive. Since fourteen of the seventeen claims undisputedly must be withdrawn, "efficiency [will be] enhanced by withdrawing the reference because non-core issues predominate."  Int'l Bhd., 124 F. 3d at 1008. Therefore, Defendants motion to withdraw reference of the above captioned proceeding is granted.

IT IS SO ORDERED.

Dated:  February 12, 2007

_____
GARLAND E. BURRELL, JR.
United States District Judge