IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
THOMAS ACEITUNO, Chapter 7 Trustee,)
and STEPHEN REYNOLDS, Chapter 7    )
Trustee,                           )
                                   )      2:06-cv-2273-GEB-DAD
               Plaintiffs,         )
                                   )
     v.                            )      ORDER*
                                   )
KBI NORCAL, INC., et al.,          )
                                   )
               Defendants.         )
_____)
```

Defendant KBI NorCal ("KBI") moves for summary judgment on Plaintiffs' Seventeenth Claim for Relief in their First Amended Complaint. Plaintiffs oppose this motion.

BACKGROUND

KBI purchased certain assets and assumed certain liabilities of Blusar Manufacturing ("Blusar") in September 2002 pursuant to a written agreement ("Purchase Agreement"). (Statement of Undisputed Facts ("SUF") ¶ 1.) Blusar was owned by Serguey Sarkisov. (Id.) Blusar occupied the property on which its manufacturing

---

\* This matter was determined to be suitable for decision without oral argument. L.R. 78-230(h).

1

1  operations were located (the "Location") pursuant to a written lease
2  ("Original Lease").  (Id. ¶ 7.)  The Original Lease provided that it
3  would continue until October 31, 2004.  (Id. ¶ 8.)  The Purchase
4  Agreement provided that Blusar agreed to sublease the Location to KBI
5  for a term of one year.  (Id. ¶ 11.)  In addition, section 4.4 of the
6  Purchase Agreement ("section 4.4") stated that "[KBI] agrees to pay
7  [Blusar] $45,000 per month if [KBI] has not vacated the [Location] at
8  the end of the one-year term."  (Def. Ex. C, at ¶ 4.4.)  Therefore, on
9  the same day the Purchase Agreement was executed, a sublease
10 ("Sublease") was executed between the parties.  (SUF ¶ 14.)  The
11 Sublease provided for a one-year term commencing September 23, 2002.
12 (Id. ¶ 15.)

13         Sarkisov and Blusar each filed a voluntary petition for
14 relief under chapter 7 of title 11 on November 27, 2002.  (Id. ¶ 2.)
15 Plaintiff Stephen Reynolds was appointed Sarkisov's chapter 7 trustee
16 and Plaintiff Thomas Aceituno was appointed Blusar's chapter 7
17 trustee.  (Id. ¶¶ 3, 5.)  Plaintiffs never obtained court approval to
18 assume the Purchase Agreement, Original Lease, or Sublease.  (Id. ¶
19 16.)  After Blusar and Sarkisov filed for bankruptcy, KBI entered into
20 a lease with the owners of the Location ("New Lease").  (Id. ¶ 18.)
21 KBI has occupied the Location continually since it took possession in
22 2002.  (Id. ¶ 20.)

23         Plaintiffs allege they are entitled to enforce the penalty
24 provision of the Purchase Agreement against KBI since KBI has remained
25 in possession of the Location beyond the one year contemplated by the
26 Sublease.  (First Am. Compl. ¶¶ 107-11.)

DISCUSSION

I. Executory Contract

KBI argues it is entitled to summary judgment because the Purchase Agreement was an executory contract and therefore, was deemed rejected when Plaintiffs failed to obtain court approval to assume it. (Def.'s Mot. at 7:8-12.)  Plaintiffs rejoin the "Purchase Agreement was not an executory contract-which means that it was not rejected." (Pls.' Opp'n at 1:21-22.)

Plaintiffs, subject to court approval, were entitled to assume or reject any executory contract or unexpired lease of the debtors. 11 U.S.C. § 365(a). If an executory contract is not assumed with court approval, it is deemed rejected and all rights under the contract are terminated. Id. § 365(d)(1).

An executory contract is "one on which performance is due to some extent on both sides." In re Texscan Corp., 976 F.2d 1269, 1272 (9th Cir. 1992). An executory contract is one in which both parties have remaining obligations which "would constitute a material breach and thus excuse the performance of the other" if performance were not completed. Id. "The materiality of a remaining obligation and whether the failure to perform a remaining obligation is a material breach of the contract is an issue of state law." Id. California law provides that whether "a breach is so material as to constitute cause for the injured party to terminate a contract is ordinarily a question for the trier of fact." Superior Motels, Inc. v. Rinn Motor Hotels, Inc., 195 Cal. App. 3d 1032, 1052 (1987).

KBI explains that Blusar has remaining obligations under the Purchase Agreement the failure of which to complete would constitute a material breach. (Defs.' Mot. at 6:12-24.) But, KBI has not shown

3

that KBI has remaining obligations that would render the Purchase Agreement executory. Although the record indicates KBI had obligations under the Sublease; specifically, to pay rent, "courts have consistently held that contracts that only required payment by the debtor are not executory." In re THC Financial Corp., 686 F.2d 799, 804 (9th Cir. 1982). To prevail on summary judgment, KBI was required to show "the obligations of both parties [we]re so far unperformed that the failure of either party to complete performance would constitute a material breach." In re Texscan Corp., 976 F.2d at 1272. KBI has not met this burden and therefore, summary judgment is denied on the issue of whether the Purchase Agreement is executory.

## II. Severability/Incorporation

KBI further asserts summary judgment is appropriate arguing that section 4.4 of the Purchase Agreement "may be severed from the Purchase Agreement and treated as part of the Sublease for purposes of 11 U.S.C. § 365." (Def.'s Mot. at 8:17-18.) KBI argues this treatment of section 4.4 should result in this section being deemed rejected along with the Sublease. (Id. at 9:21-23.) Plaintiffs counter that it is not appropriate to sever section 4.4 from the Purchase Agreement and incorporate it into the Sublease. (Pls.' Opp'n at 18:8-9.)

Section 365 provides that the trustees have a right to assume and reject unexpired leases and executory contracts, provided that the court approves. See In re Plitt Amusement Co. of Wash., Inc., 233 B.R. 837, 847 (Bankr. C.D. Cal. 1999). "A trustee or debtor in possession must be permitted to pick and choose, to make this determination authorized by section 365." Id. Courts have rejected attempts by a trustee to assume part of a contract or lease and reject

4

the remainder. Id. at 840. Since section 4.4 is located within the Purchase Agreement, KBI has not shown that Plaintiffs should be deemed to have rejected this portion of the Purchase Agreement even though they are arguably still bound to the remainder. Therefore, KBI has not shown it is entitled to summary judgment.

III. Contract Interpretation

KBI further argues that the seventeenth claim "fails as a matter of law even if the Court heeds Plaintiffs' request to read the Purchase Agreement in isolation." (Def.'s Reply at 8:7-8.) KBI contends that under general contract law interpretation, section 4.4 of the Purchase Agreement is not enforceable because Blusar's rejection of the Original Lease constitutes a breach of the Purchase Agreement, thereby precluding Blusar from enforcing the remaining provisions. (Id. at 8:9-15.) However, KBI did not raise this argument until its Reply brief. Since a new argument should not be raised for the first time in a Reply, this issue is not reached. Stewart v. Wachowski, 2004 U.S. Dist. LEXIS 26608, at *40 (C.D. Cal. Sept. 28, 2004) ("Courts decline to consider arguments that are raised for the first time in reply.")

CONCLUSION

For the stated reasons, KBI's motion for summary judgment on Plaintiffs' seventeenth claim for relief is denied.

IT IS SO ORDERED.

Dated: June 4, 2007

_____
GARLAND E. BURRELL, JR.
United States District Judge

5